UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TIFFANY LARKIN,

        *Plaintiff*,

v.

CHARLES I. TURNER, ESQ.,

        *Defendant.*

Civil No.: 18-cv-9357 (KSH) (CLW)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

## I. Introduction

This matter comes before the Court on the unopposed motion (D.E. 14) of plaintiff Tiffany Larkin for summary judgment against defendant Charles I. Turner, Esq., for Turner's alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, via a collections letter he sent Larkin. For the reasons set forth below, the motion will be granted as to liability only.

## II. Background

Larkin's motion for summary judgment is based on the following stipulated facts, which are drawn from the final pretrial order. (*See* D.E. 14-2, Pl.'s Stmt. of Undisputed Facts Pursuant to Local Civil Rule 56.1 ("PSF").) Turner is a New Jersey licensed attorney employed by non-party Collection Solutions, Inc., and he and Collection Solutions are debt collectors within the meaning of the FDCPA. (PSF ¶¶ 1-2.) Larkin is a consumer who allegedly owes or owed a debt to a company called First Pay Loans. (*See id.* ¶¶ 4-6.)[1] On June 20, 2017, Turner sent to Larkin, a Tennessee resident, a collection letter on his letterhead attempting to collect the debt. (*Id.* ¶ 6

---

[1] The parties' stipulations that Turner and Collections Solutions are "debt collectors" and that Larkin is a "consumer" are not, strictly speaking, stipulations of fact, given that these are legal terms defined by statute. *See* 15 U.S.C. § 1692a.

& Ex. B.) The letter read as follows:

> Please take note that I am the lawyer, who has been retained by the above client to collect an outstanding debt.
>
> My review shows that our office has sent numerous letters to your attention in relation to this debt. In addition, telephone messages were left to your attention. To date, I have not received any reply. This lack of any response is not acceptable to my client.
>
> Please consider this to be my final pre-litigation letter. I am requesting that payment be made to client or myself the full amount within 10 days of receipt of this letter. If you contact us upon receipt of this letter, my client will agree to settle for a one time lump sum, if paid within 5 days of your call.
>
> If payment is not received within 10 days of receipt of this letter, my client will file suit for the full amount. Such a suit, in addition to the amount due, will also seek fees for my services of, as well as the costs for filing suit. Either I will file the suit, or else an Attorney with the Forwarders List of Attorneys, a service provided by The Association of Credit and Collection Professionals, will file suit. The next piece of correspondence you will receive on this account will be a Summons and Complaint. Receipt of this notice via certified mail may constitute valid service in future proceedings. If you have any questions, I can be reached at the phone numbers listed above. Please note you have my permission to speak directly with any employee about this debt.

(PSF Ex. B.)

At the bottom of the page, below Turner's signature, the letter stated: **"Please note that this letter is an attempt to collect a debt. Any information obtained will be used for that purpose."** (*Id.* (emphasis in original).) Below that, the letter read:

> Unless you notify us within 30 days after receiving this notice that you dispute the validity of the debt or any portion of it, this office will assume the debt is valid. If you notify this office within 30 days from receiving this notice, this office will obtain verification of the debt or copy of Judgement against you and mail you a copy of such. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if it is different from the current creditor.

(*Id.*) As of the date of the letter, neither Turner nor Collection Solutions had any intention of suing if payment was not made within ten days of the letter's receipt, and Turner had no knowledge of whether First Pay Loans had any such intention. (PSF ¶¶ 16-17.)

Larkin filed her two-count complaint on May 17, 2018.  (D.E. 1, Compl.)  Count I asserted that Turner used false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e.  Specifically, she claimed that Turner (i) falsely represented the legal status of the debt, contrary to § 1692e(2)(A); (ii) made false threats in violation of § 1692e(5); and (iii) used false representations or deceptive means to collect or attempt to collect a debt, contrary to § 1692e(10).  Count II asserted that the letter "[o]vershadow[ed] the validation notice in violation of § 1692g(b)."  By way of relief, Larkin has sought actual and statutory damages, costs, attorneys' fees, and pre- and post-judgment interest. Turner answered the complaint (D.E. 5), and, on April 1, 2019, following a final pretrial conference, Magistrate Judge Waldor entered the final pretrial order ("FPTO") as proposed by the parties.  (D.E. 13).  The FPTO specifically referenced Larkin's then-contemplated motion for summary judgment (D.E. 13 at 3), which Larkin filed a month later (D.E. 14).  Turner has filed no opposition.

**III.**   **Legal Standard**

Summary judgment is proper where the movant demonstrates that no genuine dispute exists as to any material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  All facts are to be viewed in the light most favorable to the non-movant, and all reasonable inferences must be drawn in the non-movant's favor.  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018).  The non-movant "'must set forth specific facts showing that there is a genuine issue for trial,'" and "'[b]are assertions, conclusory allegations, or suspicions will not suffice.'"  *Id.* at 288-89 (quoting *D.E. v. Central Dauphin School Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).  A factual dispute qualifies as "genuine" if the evidence would permit a reasonable jury to find for the non-movant.  *Id.* at 289.

An unopposed motion for summary judgment cannot be granted merely because it is

3

unopposed; the Court must first determine that the movant is entitled to judgment as a matter of law. *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). As to issues upon which the movant has the burden of proof, this means that the Court must "determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law," and as to issues upon which it does not have the burden of proof, the Court "must determine that the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law." *Id.* Uncontroverted factual statements made by the movant may, and by rule in this district are, taken as true. *See id.* at 176; L. Civ. R. 56.1(a) ("[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.").

**IV.     Analysis**

Larkin claims that Turner violated the FDCPA. To prevail on her claims under that statute, she must prove that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Turner previously stipulated that the first three elements are satisfied. (FPTO at 4 (¶¶ 1, 5, 6)).[2] *See Bernard v. K&D Factory Serv.*, 2018 U.S. Dist. LEXIS 3541, at *11 (M.D. Pa. Jan. 9, 2018) (accepting defendant's stipulation that plaintiff could meet two elements of his prima facie case); *Pa. Gen.*

---

[2] In addition to making these stipulations in the FPTO, Turner's answer admitted to these elements when they were couched as factual allegations in the complaint. (Compl. ¶ 10; Ans. ¶ 7 (admitting Turner is a debt collector); Compl. ¶ 7; Ans. ¶ 4 (declining to admit or deny that Larkin is, *inter alia*, a consumer, and thereby admitting it under Fed. R. Civ. P. 8(b)(6)); Compl. ¶ 14 (alleging that the loan in question is a "debt" within the meaning of 15 U.S.C. § 1692a; answer supplies no response to this paragraph, and Turner thereby admitted it under Fed. R. Civ. P. 8(b)(6))).

4

*Energy Co., LLC v. Grant Twp.*, 2017 U.S. Dist. LEXIS 48716, at *5-6 (W.D. Pa. Mar. 31, 2017) (plaintiff moving for summary judgment must produce evidence sufficient to establish each element of claim, except elements admitted by adversary (citation omitted)).

With respect to the fourth element, the determination of whether the letter violates a provision of the FDCPA is made by applying a "least sophisticated debtor" standard. *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149-50 (3d Cir. 2013). That standard aims to ensure that the FDCPA "'protects all consumers, the gullible as well as the shrewd.'" *Id.* at 149 (quoting *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 996, 997 (3d Cir. 2011)). It is less demanding than a "reasonable debtor" standard, but nonetheless requires a "quotient of reasonableness, a basic level of understanding, and a willingness to read with care" and comes with an expectation that the debtor read any notice in its entirety. *Id.*

In Count I, Larkin alleges Turner violated 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," specifically § 1692e(5), which prohibits threats to "take any action that cannot legally be taken or that is not intended to be taken."[3] Larkin points out that the letter states that "[i]f payment is not received within 10 days of receipt of this letter, my client will file suit for the full amount," even though, she notes, Turner has admitted that neither he nor his employer intended to sue if Larkin failed to pay within 10 days of receiving the letter and that he did not know whether First Pay Loans (*i.e.*, the "client") intended to do so. (*See* D.E. 14-1, Moving Br. 6; FPTO at 5 (¶¶ 16-17).) The statement that Turner's client "will file suit" absent receipt of payment within ten days is, at minimum, misleading under a "least sophisticated

---

[3] Larkin offers no argument in support of the alleged violations of § 1692e(2)(A) or § 1692e(10) and does not appear to be pursuing them.

debtor" standard, given that the statement readily implied that the "client," First Pay Loans, had already decided to sue when, in fact, its own attorney did not know if it had that intent and the attorney himself had no intent to file suit. Although the Court declines to reach whether the stipulated facts establish a § 1692e(5) violation here – Turner has not stipulated that First Pay had *no* intent to sue, but rather that he did not know if it did or not – they do show that Turner implied, in a letter that also stated that either he or another attorney would file suit, that the "client" had indeed authorized the filing of a lawsuit absent timely payment, and therefore Larkin is entitled to summary judgment that Turner made a false, deceptive, or misleading representation in violation of § 1692e. *See Lesher*, 650 F.3d at 997 (practice can violate § 1692e even if subsections not implicated).

In Count II, Larkin alleges that Turner violated § 1692g, which addresses the validation of debts. Section 1692g(a) requires debt collectors to provide notice to the consumer, either in the initial communication or within five days thereafter, of the amount of the debt and the creditor's name, and statements that: (i) unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion of it, the debt collector will assume the debt is valid; (ii) if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion of it, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and mail it to the consumer; and (iii) on the consumer's written request within the thirty-day period, the debt collector will provide the original creditor's name and address, if different from the current creditor.

Under § 1692g(b), if the consumer provides written notice within the 30-day period that he or she disputes the debt or a portion of it, or requests the original creditor's name and address, the debt collector must cease efforts to collect the debt until it obtains verification of the debt or a

copy of the judgment, or the original creditor's name and address, and mails the verification, judgment, or name and address to the consumer. Absent notice from the consumer, collection activities may continue; however, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

Section 1692g is intended to guarantee consumers receive adequate notice of their legal rights. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). To satisfy the requirements of this section, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter -- the required notice must also be conveyed *effectively* to the debtor." *Id.* (emphasis added). The notice "'must not be overshadowed or contradicted by accompanying messages from the debt collector.'" *Caprio*, 709 F.3d 142, 148 (3d Cir. 2013) (quoting *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991)).

As with other FDCPA claims, the "least sophisticated debtor" standard measures whether the notice complies with these requirements, or is overshadowed or contradicted by other language in the letter. *Caprio*, 709 F.3d at 149-50. If the least sophisticated debtor would be left uncertain as to his or her rights, the notice is overshadowed. *See id.*

Here, the validation notice at the bottom of the page, coming after Turner's signature, is overshadowed and contradicted by the statement earlier in the letter threatening litigation if payment was not received within ten days, a clear violation of § 1692g. In *Graziano v. Harrison*, the Third Circuit confronted similarly contradictory language in a collections letter that threatened legal action within ten days unless the debt was resolved before then and, on the reverse side, contained a validation notice. 950 F.2d at 109. The court concluded that the juxtaposition of these statements rendered the statutory notice invalid under

7

§ 1692g, observing the existence of a "reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days." *Id.* at 111. That same risk is present here, and Turner has conceded as much. (FPTO at 5 (¶ 19).)[4] Larkin is, therefore, entitled to summary judgment that Turner violated 15 U.S.C. § 1692g.

Section 1692k imposes liability in the amount of actual plus statutory damages for violations of the statute. *See* 15 U.S.C. § 1692k(a). Although moving counsel's proposed order granting summary judgment includes a request for thirty days to submit an attorneys' fee application (see D.E. 14-5) -- indeed, the FDCPA, in § 1692k(a)(3), imposes liability for reasonable attorneys' fees as determined by the Court, under enumerated circumstances -- the motion for summary judgment is silent on the issue of damages for the plaintiff herself. Because the record is insufficient for the Court to make an award under the statute, *see id.* § 1692k(b) (discussing factors court must consider in determining amount of liability), summary judgment on damages cannot be granted. Counsel is directed to contact Magistrate Judge Waldor for a hearing date before her to set damages and address any application for counsel fees.

## V. Conclusion

For the foregoing reasons, the Court will grant Larkin's motion for summary judgment as to liability only. An appropriate order will follow.

Date: December 18, 2019

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J

---

[4] Larkin also argues in her brief that Turner violated 15 U.S.C. § 1692f by including in the amount sought from Larkin an unauthorized collection charge. (Moving Br. 6-7.) Larkin has asserted no claim under 15 U.S.C. § 1692f, and this argument will be disregarded.