**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TIFFANY LARKIN,** | **Civil Case Number: 2:18-cv-9357-KSH-CLW** |
| **Plaintiff,** | |
| **-against-** | |
| **CHARLES I. TURNER, ESQ.,** | |
| **Defendant.** | |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

---

**MARCUS & ZELMAN, LLC**

**Yitzchak Zelman, Esq.**
**yzelman@MarcusZelman.com**
**Ari Marcus, Esq.**
**ari@MarcusZelman.com**
**ATTORNEYS FOR PLAINTIFF**
**701 Cookman Avenue, Suite 300**
**Asbury Park, New Jersey 07712**
**Phone:         (732) 695-3282**
**Fax:            (732) 298-6256**

# TABLE OF CONTENTS

Page

A. Preliminary Statement........................................................................................4

B. Plaintiff Is Entitled To An Award Of Attorneys' Fees and Costs……........................4

C. Calculation Of Attorneys' Fees…………………………………………..................5

D. Plaintiff Is Entitled To Reimbursement Of His Costs………..…………………..…9

E. Conclusion........................................................................................................9

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

*Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452 (D.N.J. 2012)............................5

*Conklin v. Pressler & Pressler LLP*, No. 10–3566, 2012 WL 569384 (D.N.J. Feb. 21, 2012).......5

*Diena v. MCS Claim Services, Inc.,* 3:13-cv-05902-JAP-TJB (D.N.J. 2014)……………………7

*Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991)..................................................................5

*Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)………………………5

*Interfaith Cmty. Org. v. Honeywell Intern., Inc.,* 426 F.3d 694 (3d. Cir2005)................................6

*Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897 (3d. Cir.1985)...................7

*Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85 (2d Cir.2008)………………………………4

*Maldonado v. Houstoun*, 256 F.3d 181 (3d Cir.2001)...................................................................6

*Manopla v. Bryant, Hodge & Associates, LLC*, 2014 WL 793555 (D.N.J. 2014)…………………7

*Mosaid Techs. Inc. v. Samsung Elecs. Co.,* 224 F.R.D. 595 (D.N.J.2004)......................................6

*Norton v. Wilshire Credit Corp.*, 36 F. Supp. 2d 216 (D.N.J. 1999)...................................................7

*Pennsylvania v. Del. Valley Citizens' Council for Clean Air,* 478 U.S. 546,

106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)…………………………………………………………5

*Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224 (2d Cir.2006)……………………………...…6

*Stair ex rel. Smith v. Thomas & Cook,* No. 06-4454, 2009 WL 1635346 (D.N.J. June 10, 2009).....6

*Town & Country Jewelers, LLC v. Meadowbrook Insurance*, No. 3:15-cv-02519-PGS-LHG.........7

*Truglio v. CBE Group, Inc.,* Case No. 3:15-cv-03813-TJB............................................................8

*Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031 (3d Cir.1996).............5

**<u>Statutes</u>**

15 U.S.C. § 1692k(a)(3)…………………………………………………………………………..4

### A. Preliminary Statement.

Plaintiff, Tiffany Larkin, by her undersigned counsel, respectfully submits this Memorandum in support of Plaintiff's Motion for an award of attorneys' fees and costs in this action. On May 17, 2018, the Plaintiff commenced this action alleging that the Defendant violated the Fair Debt Collection Practices Act (the FDCPA). *See,* Docket 1. As alleged in the Complaint, the Defendant's Letter violated the FDCPA in a number of egregious ways, including (1) by making false threats of litigation in an attempt to collect a debt, and (2) by overshadowing the 30-day Validation Notice contained in the Letter. *See id.*

After the Court entered summary judgment in favor of the Plaintiff, the Defendant agreed to pay the Plaintiff $1,000.00 in statutory damages – the maximum the Plaintiff is entitled to recover under the FDCPA. *See,* Docket 29. The Defendant further agreed to pay the Plaintiff's attorney's fees and costs incurred in this matter, in an amount to be decided by the Court. *See id.* The Court then ordered the Plaintiff to file her fee petition by May 1, 2020. *See,* Docket 25. Plaintiff now timely submits that application.

### B. Plaintiff Is Entitled To An Award Of Attorneys' Fees and Costs.

As the Plaintiff has prevailed in this action, she is entitled to an award of attorneys' fees and costs. A consumer who brings a successful FDCPA lawsuit can recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). "The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir.2008). The award of attorney's fees is "mandated ... as a means of fulfilling Congress's intent that the FDCPA should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir.1991).

Here, the Plaintiff was awarded $1,000.00 in statutory damages, which is the maximum amount of statutory damages available in an action brought under the FDCPA.  Accordingly, it is indisputable that Plaintiff 'prevailed' on her FDCPA claim in every sense of the word.  *See e.g.,* *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 457 (D.N.J. 2012)("In the context of awarding attorneys' fees under Section 1692k(a)(3), a plaintiff may be considered a 'prevailing party' if plaintiff succeeds on any significant issue in litigation which achieves some of the benefit plaintiff sought by bringing the suit"); *Conklin v. Pressler & Pressler LLP*, 2012 WL 569384, at *2 (D.N.J. Feb. 21, 2012). As the Third Circuit has recognized, absent unusual circumstances, an award of attorney's fees to a prevailing party in an FDCPA action "should not be construed as a special or discretionary remedy" and is therefore required under the Act. *Graziano*, 950 F.2d at 113.

### C.  Calculation Of Attorneys' Fees.

In calculating attorney's fees, courts typically use a "lodestar" figure as the starting point. The lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983).  The lodestar figure should be in line with the rates prevailing in the community for similar services by attorneys of comparable skill, experience, and reputation. *Id.*  A strong presumption exists that the lodestar figure represents a reasonable fee. *See Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564–65, 106 S.Ct. 3088 (1986); *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir.1996).  When a party advocates that the lodestar amount be reduced, he or she bears the burden of establishing that a reduction is justified.  *See, Mosaid Techs. Inc. v. Samsung Elecs. Co.,* 224 F.R.D. 595, 597 (D.N.J. 2004); *Stair ex rel. Smith v. Thomas & Cook,* 2009 WL 1635346, at *3

(D.N.J. June 10, 2009); *See also Interfaith Cmty. Org. v. Honeywell Intern., Inc.,* 426 F.3d 694,711 (3d. Cir2005) (holding that a court "may not reduce an award sua sponte; rather it can only do so in response to specific objections made by the opposing party").

To succeed on a motion for an attorneys' fees reward, a plaintiff must "submit evidence supporting the hours worked and rates claimed." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d at 703. Courts determine reasonable rates by "assessing the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir.2001). Hourly rates should be "current rather than historic." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir.2006).

In this action, the Plaintiff's counsel has submitted a printout of the records maintained by its billing software, which is maintained contemporaneously with billed activities. Although the claim in this action was relatively simple and straightforward, a fair amount of litigation and attorney involvement was required. Litigation in this action included (1) attending an Initial Conference, (2) participating in several telephonic Conferences with the Court, (3) attending a Status Conference, (3) engaging in extensive written discovery, (4) deposing the Defendant, (5) preparing the Pretrial Order, (6) attending the Final Pretrial Conference, (7) drafting the successful Motion for Summary Judgment, (8) negotiating the Stipulation with Defendant to award Plaintiff the full $1,000.00 in statutory damages, in order to avoid a trial on damages, and (9) preparing the instant attorney fee petition[1].

---

[1] Caselaw is clear that "prevailing parties may also collect reasonable attorney's fees for the time spent preparing the fee petition." *Norton v. Wilshire Credit Corp.*, 36 F. Supp. 2d 216, 219 (D.N.J.

As reflected above, a considerable amount of attorneys' time was required to prosecute this action, despite the simple nature of the claim.  Given the extensive amount of time and work required to be expended on this matter, it is respectfully submitted that the 44.6 hours expended by Marcus & Zelman, LLC was a reasonable amount of hours to be expended in the litigation of this action.  Plaintiff's counsel does not double-bill or assign multiple counsel to review the same document.  The work listed on the attached printouts represent the actual time that Ari H. Marcus, Esq., and Yitzchak Zelman, Esq. spent litigating this action over the past two years.

It is further respectfully submitted that the hourly rate requested by the Plaintiff's counsel in this action is reasonable.  This action was litigated by two attorneys: Yitzchak Zelman, Esq. and Ari H. Marcus, Esq.  The qualifications and expertise of Messrs. Marcus and Zelman are fully set forth in their respective Declarations attached hereto.

Mr. Marcus regularly charges an hourly rate of over $450.00 per hour.  Mr. Marcus was awarded $450.00 per hour by the Honorable District Judge Peter G. Sheridan, in the final approval order entered in *Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc.*, Case No. 3:15-cv-02519-PGS-LHG on December 6, 2017.  Mr. Marcus was similarly awarded $450.00 per hour, in the final approval order entered on November 6, 2017 in *Truglio v. CBE Group, Inc.*, Case No. 3:15-cv-03813-TJB [Docket 53].  Mr. Marcus was granted $500.00 per hour in the final approval order entered in *Pollak v. Portfolio Recovery Associates, LLC*, 3:15-cv-04025-BRM-DEA [Docket 88] (D.N.J. Sept. 4, 2019).  Most recently, Mr. Marcus was again awarded $450.00 per hour in *Manopla v. Home Depot USA, Inc.*, 3:15-cv-01120-PGS-TJB [Docket 107], on February 22, 2020.

---

1999), <u>citing</u> *Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 924–25 (3d. Cir.1985).

Yitzchak Zelman regularly charges an hourly rate of $400.00 per hour.  Most recently, Mr. Zelman was granted $425.00 per hour in the final approval order entered in *Pollak v. Portfolio Recovery Associates, LLC*, 3:15-cv-04025-BRM-DEA [Docket 88] (D.N.J. Sept. 4, 2019).  Nearly three years ago, Mr. Zelman was awarded $350.00 per hour by the Honorable District Judge Peter G. Sheridan, in the final approval order entered in *Town & Country Jewelers, LLC v. Meadowbrook Insurance Group, Inc.*, Case No. 3:15-cv-02519-PGS-LHG on December 6, 2017. Mr. Zelman was similarly awarded $350.00 per hour, in the final approval order entered on November 6, 2017 in *Truglio v. CBE Group, Inc.,* Case No. 3:15-cv-03813-TJB [Docket 53].

In *Piccinetti v. Clayton, Myrick, McClanahan & Coulter, PLLC*, No. CV 16-4032 (TJB), 2018 WL 5313919 (D.N.J. Oct. 26, 2018), Mr. Zelman was again awarded $350.00 per hour, while Mr. Marcus[2] was awarded $400.00 per hour, because the Court noted that Mr. Zelman  and Mr. Marcus had 5 and 8 years of experience, respectively.  *See id.,* at *4.  However, given the passage of time, Mr. Zelman's regular hourly rate has since increased, as he now has the same 8 years of experience (being admitted to practice in 2012), and his hourly rate should therefore be based on current rates, not historical rates. *See e.g., Lanni v. New Jersey,* 259 F.3d 146, 149 (3d Cir. 2001)("When attorney's fees are awarded, the current market rate must be used.  The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed").

It is respectfully submitted that the attorneys' fees sought by Plaintiff is reasonable, considering the extensive amount of time and attention the litigation of this action required.

---

[2] Although expressly noting that his regular hourly rate was $450.00 per hour, Mr. Marcus only asked for – and therefore received - an hourly rate of $400.00 per hour in the *Piccinetti* matter. *See, Piccinetti*, 2018 WL 5313919 at *4.

Plaintiff's counsel skillfully enabled the Plaintiff to prevail in this action, and obtain the maximum amount of statutory damages available under the Act.

### D.  Plaintiff Is Entitled To Reimbursement Of Her Costs.

The FDPCA provides that a prevailing Plaintiff is entitled to an award of the costs expended in the litigation of her claim. *See,* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In this action, the Plaintiff incurred a (1) $400.00 filing fee, (2) $49.00 in service of process fees, and (3) $586.25 for the transcript of the Defendant's deposition. These costs were necessarily incurred in the litigation of this action. It is therefore respectfully requested that the Plaintiff be awarded $1,035.25 in costs and expenses necessarily expended in this action.

### E.  Conclusion.

It is respectfully submitted that the Plaintiff's Motion for an award of attorneys' fees and costs should be granted. The Plaintiff fully prevailed on her claim brought under the FDCPA. Extensive attorneys' fees were incurred in order to successfully litigate this claim through summary judgment and the entry of the maximum amount of statutory damages in the Plaintiff's favor. The Plaintiff therefore expended 44.6 hours of attorneys fees, for a sum of $19,495.00, together with costs and expenses of $1,035.25, for a total of $20,530.25. Plaintiff is further entitled to the $1,000.00 of statutory damages awarded to her pursuant to the parties' Stipulation. It is therefore respectfully requested that this Court enter a final judgment in favor of the Plaintiff in the amount of $21,530.25 in full award of the Plaintiff's statutory damages, attorneys' fees and costs.

Dated: May 1, 2020

                           _____/s/ Yitzchak Zelman_____

                                  Yitzchak Zelman, Esq.

                                  Ari H. Marcus, Esq.